**Robert J. NICOLAZZI and Judith M. Nicolazzi, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–1779.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 4, 1983.

Decided Dec. 12, 1983.

Abraham N.M. Shashy, Jr. (argued), Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for petitioners-appellants.

Kenneth W. Gideon, Chief Counsel, I.R.S., Glenn L. Archer, Jr., Kenneth Greene (argued), Michael L. Paup, Ann Belanger Durney, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before LIVELY, Chief Judge, and MERRITT and JONES, Circuit Judges.

PER CURIAM.

The taxpayers appeal from a decision of the United States Tax Court denying them a loss deduction pursuant to Internal Revenue Code § 165(a) for a service fee paid to Melbourne Concept, Inc. for the acquisition of federal oil and gas leases in 1976. The Federal Bureau of Land Management sells non-competitive oil and gas leases on public lands through two programs, one involving a lottery and the other over-the-counter sales of open parcels. Melbourne Concept, Inc. offered to the taxpayers an opportunity to participate in its "Program A" under which taxpayers paid a service fee of $10,-075 in 1976 for a 25 per cent interest in the program. For this fee Melbourne agreed to make 600 filings in the federal lottery program as well as to seek a lease in the over-the-counter, open parcel program. Of the 600 lottery filings, 599 were determined to be unsuccessful by December 31, 1976. The remaining filing was determined to be successful, whereupon the taxpayers and their co-participants in Program A were issued a lottery lease on a Wyoming parcel. Further details of the transaction are set forth in the opinion of the Tax Court and will not be repeated here. *See Robert J. Nicolazzi,* 79 T.C. 109 (1982).

On their 1976 income tax return the petitioners claimed a deduction as a loss pursuant to § 165(a) for 599/600 of the service fee paid in 1976. They argued in the Tax Court and in this court that each lottery filing should be considered a separate transaction and that each was a completed transaction on December 31, 1976. The Commissioner of Internal Revenue disagreed and assessed a deficiency. The Tax Court found that the "relevant transaction" was the investment of $10,075 in Program A and that, because of features of the program involving financing of the taxpayers' payments through a bank and the existence of a put-option with respect to the Wyoming lease which was exercisable by the taxpayers after December 31, 1976, there was not a closed and completed transaction in the 1976 tax year.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the determination by the Tax Court with respect to the "relevant transaction" is a factual finding subject to the provision of Rule 52(a), Federal Rules of Civil Procedure. Our review of the record convinces us that this finding is not clearly erroneous and, further, that the Tax Court applied the proper legal test to determine whether a closed and completed transaction occurred in the year 1976. For the reasons set forth in the decision of the Tax Court, this court concludes that the taxpayers were not entitled to a deduction pursuant to § 165(a) for the year 1976. This conclusion makes it unnecessary to reach the other arguments presented by the parties.

The decision of the Tax Court is affirmed.